IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONALD WARREN DUNSTON, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Nurse BROWN, Warden ALLEN CARTER, GEORGIA REGENTS UNIVERSITY, and GEORGIA DEP'T OF CORRECTIONS, | : | NO. 1:13-CV-103-WLS-TQL |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **DONALD WARREN DUNSTON**, an inmate at Autry State Prison ("ASP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (Doc. 2).[1] Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of ASP.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

---

[1] In reviewing the United States District Court PACER docket reports for Georgia, it appears that Plaintiff had not incurred any "strikes" for purposes of 28 U.S.C. §1915(g) when he filed the instant complaint.

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute

of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  PRELIMINARY MOTIONS

### A.  Motion for Appointment of Counsel (Doc. 3)

Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth many of the essential factual allegations underlying his claim, and the applicable legal doctrines are readily apparent. Therefore, Plaintiff has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Plaintiff's motion for appointment of counsel is accordingly **DENIED**.

### B.  Motion for an "Injunction Against Retaliation" by the Defendants (Doc. 4)

Plaintiff's only allegation in the body of this motion is "for my personal safety." Plaintiff's plea for injunctive relief is deficient on its face. The Eleventh Circuit Court of Appeals has held that "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." **Wooden v. Board of Regents of University System of Georgia**, 247 F.3d 1262, 1284 (11th Cir. 2007). Plaintiff apparently worries that someone could retaliate against him for filing a section 1983 complaint. His unsupported claim is not enough to warrant the extraordinary remedy of injunctive relief. The Court cannot issue a general injunction barring Defendants from violating the law at some point in the future. ***See SEC v. Smyth***, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."). Moreover, it is already unlawful for a prison official to retaliate against a prisoner because of his having filed a lawsuit concerning the conditions of his imprisonment. ***Farrow v. West***, 320 F.3d 1235, 1248 (11th Cir. 2003).

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for an injunction against retaliation from the Defendants be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

### III.   BACKGROUND

Plaintiff's claims arise out of a slip and fall accident on October 1, 2012. After the accident, two inmates carried Plaintiff to medical, where Plaintiff told a nurse he had severe pain in his lower back, neck, and left leg. Although an unspecified nurse examined Plaintiff and gave him Advil for pain, he did not receive x-rays or see a doctor. Plaintiff was told to return to his

dorm, which he states he did by practically crawling due to the pain.   Two days later, Plaintiff saw Defendant Nurse Brown, who allegedly did "nothing."   Plaintiff returned to medical a week later because his back was getting worse.   Nurse Brown apparently stated that she was not going to see Plaintiff, having seen him on October 3rd.   According to Plaintiff, he finally received x-rays in March 2013 and they showed damage to his lower spine.   A doctor allegedly told Plaintiff that there are "problems" and Plaintiff now has to wear a back brace and use a cane.   He still has severe pain and is subject to falls because of the tingling in his leg.

Although Plaintiff also sues Warden Alan Carter, Georgia Regents University, and the Georgia Department of Corrections ("GDOC"), he does not allege any facts whatsoever regarding any of these Defendants.   Plaintiff seeks damages.

## IV.   DISCUSSION

### A.   *Dismissed Defendants*

Neither of the governmental parties are proper defendants in this action.   The Eleventh Amendment bars Plaintiff's section 1983 action against Georgia Regents University and the GDOC.   *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 98, 71 (1989) (state and its agencies are not "persons" for purposes of section 1983 liability).   Accordingly, it is **RECOMMENDED** that Georgia Regents University and the GDOC be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

It is unclear why Plaintiff sues Warden Allen Carter.   "Section 1983 requires proof of an

5

affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).   Plaintiff alleges no such causal connection with respect to Carter.

To the extent Plaintiff sues Carter because Nurse Brown is his employee, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, No. 08-14411, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).   Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Warden Carter. It is therefore **RECOMMENDED** that Warden Allen Carter be **DISMISSED WITHOUT PREJUDICE** as a Defendant in this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

### B.  Nurse Brown

It is by no means clear that Plaintiff's Eighth Amendment claim against Nurse Brown will ultimately be successful.  At this stage in the litigation, however, Plaintiff has stated sufficient facts against Brown so that his claim should proceed beyond this initial screening.   Accordingly,

it is hereby **ORDERED** that service be made on Nurse Brown and that she file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings,

and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 18th day of June, 2013.

s/*THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr