IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONALD WARREN DUNSTON, :<br>  :<br>   Plaintiff, :<br>  :<br>v.  :<br>  :<br>  :<br>Warden ALLEN CARTER, Nurse :<br>BROWN, GEORGIA DEPARTMENT :<br>OF CORRECTIONS, and GEORGIA :<br>REGENT UNIVERSITY, :<br>  :<br>   Defendants. :<br>_____ : | Case No.: 1:13-cv-103 (WLS) |

## ORDER

Before the Court is an Order and Recommendation in this 42 U.S.C. § 1983 case arising out of a slip-and-fall at Autry State Prison. (Doc. 7.) United States Magistrate Judge Thomas Q. Langstaff recommends the Court dismiss Defendants Warden Allen Carter, the Georgia Department of Corrections, and Georgia Regent University. Judge Langstaff reasons that Plaintiff Donald Warren Dunston has failed to state a claim against Carter and the GDOC and Georgia Regent University are improper parties. The magistrate judge also recommends that the Court deny Dunston's motion for an injunction.

After a *de novo* review of the record, the Court concludes the Recommendation must be accepted and adopted. First, as the magistrate judge stated, the doctrine of sovereign immunity bars suits against states and their agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)) ("The Elev-

enth Amendment bars this action against the Georgia Department of Corrections and Board of Corrections."). The Georgia Department of Corrections and Georgia Regents University are state agencies, *id.*, so they are protected by sovereign immunity.

Second, the Court agrees that the complaint fails to state a claim against Warden Carter. The complaint does not provide any allegations pertaining to Warden Carter, and he cannot with sufficient allegations be liable based on theories of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). In a so-called "Motion for Reconsideration," however, Dunston offers new factual allegations against Carter. He now claims for the first time that inmates informed Warden Carter on multiple occasions about the slippery floors. (Doc. 9 at 3.) Additionally, he also contends that the absence of ventilation and air conditioning in his dorm constitutes cruel and unusual punishment.

The Court construes these new allegations as a motion to amend complaint. *Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (finding district court erred by failing to consider new allegations in objection as an attempt to amend complaint). And the Court denies Dunston leave to amend because the proposed amendments would be futile. *See Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (allowing district court to deny leave to amend because of the "futility of the amendment") (citation omitted). Slippery floors, without more, do not arise to an Eighth Amendment violation. *Harvey v. Plowman*, No. 3:11-cv-437-MCR-CJK, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012) (collecting cases). Dunston's proposed amendment is nothing more than a garden-variety negligence claim. He has, therefore, not stated an Eighth Amendment claim as to the new allegations.

2

Additionally, although there are situations where temperature and air circulation may amount to an Eighth Amendment violation, *Chandler v. Crosby*, 379 F.3d 1278, 1294 (11th Cir. 2004), Dunston has not alleged such a situation. This is so because

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a *substantial risk of harm* exists, and he must also draw the inference.

*Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Dunston has not alleged—or provided allegations giving rise to the inference—that Warden Carter or Nurse Brown knew of and disregarded an excessive risk to inmate health and safety arising from the heat and ventilation. Neither Carter nor Brown is even mentioned in passing in connection to the unconstitutional condition claim. Therefore, nothing in the response to the Recommendation suggests "that with knowledge of the infirm conditions, the official knowingly or recklessly declined to take actions that would have improved the conditions." *See Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010)).

Finally, the Court agrees that Dunston is not entitled to an injunction. Because Dunston's fear of reprisal is conjectural and hypothetical, he has not established a threat of future injury. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1302, 1303 (11th Cir. 2007).

The Court finds that the magistrate judge's recommendation (Doc. 7) should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions herein. Dunston's Motion for Injunction is **DENIED**, and Warden Carter, the Georgia Department of Corrections, and Georgia Regents Uni-

versity are **DISMISSED** from this action. Additionally, Dunston's Motion for Reconsideration, which the Court construes in part as a motion for leave to amend, is **DENIED**.

    **SO ORDERED**, this   7th   day of August 2013.

                                       /s/ W. Louis Sands
                                       **THE HONORABLE W. LOUIS SANDS,**
                                       **UNITED STATES DISTRICT COURT**